MOORE, Ex parte.  See Case No. 8,981.

## Case No. 9,749.

### In re MOORE.

[2 Ben. 325.] [1]

District Court, E. D. New York.   March, 1868.

2. The court would not, on such a motion, pass upon the question whether such a state of facts, if proved, would amount to a fraud under the twenty-ninth section of the act.

3. Leave to take evidence would be granted.

in the meaning of the twenty-ninth section, which, it was contended, was limited to transactions since the passage of the act.

## Case No. 9,750.

### In re MOORE et al.

[5 Biss. 79.] [1]

District Court. N. D. Illinois.   May, 1869.

BANKRUPTCY—PARTNERSHIP—PETITION BY PART OF FIRM—NOTICE.

1. One or more partners may file their petition in bankruptcy without making the others parties, but notice of the pendency of the proceedings must be given to the other partners.

2. The petition must pray that the firm be declared bankrupt.

By LINCOLN CLARK, Register: On the 29th day of December, 1868, Rufus E. Moore

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

and James T. Kelly filed their petition in this court, praying for the benefit of the act of March 2, 1867 [14 Stat. 517]. A certified copy of their petition and schedules have been sent down to me as register, and also an order of the court to proceed in the matter. The petition sets forth that the petitioners were co-partners with one Mrs. Hatch. It states that the members of said co-partnership owe debts, etc., and are unable to pay all their debts in full; that they are willing to surrender, etc., in the usual form. The petitioners then pray that this petition may be taken as the separate and individual petition of each of them respectively, if in the judgment of the court they are not entitled to make application for their discharge under the bankrupt act jointly. What kind of application is this? Is it an application to have the firm declared bankrupt, or is it to have the petitioners declared bankrupt? My understanding is that the firm cannot be declared bankrupt unless all the members of it join in the application, or unless the petition is so framed as to give the outstanding party an opportunity to deny the fact of bankruptcy. In the present case the petition is in form neither the one nor the other. Section 36 of the act. Also, see rule 18 of the supreme court. In view of this rule it may be well to ask, how can a third party be said to refuse to join when, as yet, it may be that he has no knowledge of the proceeding? And is it competent to give a notice of the proceeding when it is not shaped for that purpose; in other words, where the petitioners do not ask to have the firm declared bankrupt? In re Winkens [Case No. 17,875]. The debts of the firm are very considerable. So far as the schedule shows, there are no firm assets, except what may be found in a deed of assignment made by the co-partners in May, 1868. Should the property named in that assignment come to the hands of the assignee in bankruptcy, there would be assets. But I cannot regard this as a proceeding to have the firm declared bankrupt. If it were such, the outstanding partner might be able to show that it was not bankrupt. I think the petition might be so amended as to make it an application to have the firm declared bankrupt, but I cannot see how a third party can be brought in for that purpose when the petition is not properly framed to that end. If it is not a proceeding to have the firm declared bankrupt, can it be declared competent to have the petitioners individually so adjudged? I cannot see how it can be so regarded. Individuals can join only on the fact of joint interest and according to form prescribed. In other cases the proceeding should be individual. I am of opinion that the petition should be so amended as to make it a proceeding to have the firm declared bankrupt, or that it should be dismissed. My views in the matter differing from those of Messrs. Wilson & Storrs, counsel for petitioners, and it being one of importance in practice, I send it up to the court for determination.

Isaac G. Wilson, for petitioners.

DRUMMOND, District Judge. I think it would be proper for the petition to state that an application has been made to the other co-partner to join in the petition, and if this were done, then the consequence might follow which is implied by rule 18. But there is nothing, as I see, in the bankrupt law, to prevent one partner from making his application for a discharge under the law from his individual debts, and from his debts as a co-partner of the firm. It seems to be desirable that the non-joining partner should know that the application is made, leaving it optional with him to come in if he pleases, or take any action he may choose. This petition does not state any thing about a refusal.

It seems to me that all has been done that the law requires when you have given notice to the other partner, and now it is optional with her whether she will come in or not. If she does not choose to come in, the court will go on and make its decree, and discharge these men both as members of the firm and individually. Of course the result would be that the firm would have to be declared bankrupt. The law does not require, nor does the rule—and in fact, the law seems to be otherwise—that before a member of a firm can be discharged under the bankrupt law, he must request the other members of the firm also to apply. The rule seems to give the option to that member of the firm who does not apply, to join in the application, and declares what the consequences shall be of a non-joinder.

I think you have brought yourself within this rule. It seems to me the only thing is that the other co-partner ought to be brought in as I stated. I think she ought to be notified in order that she may take such steps as she may be advised. That can be done certainly as well by a supplemental or subsequent act, as in the original petition. In stating that these are members of a firm of which she as a partner is one, it seems to me the petition does all that is required to be done. I think the proper course would be for an entry to be made of the fact that she has been notified of the pendency of the proceeding. Of course the petition must be amended and ask that the firm be declared bankrupt.

NOTE. Notice of the filing of the petition must be given to the non-joining partners before adjudication of bankruptcy can be made. In re Lewis [Case No. 8,311]; In re Prankard [Id. 11,366]. Where one partner has asked for the benefit of the bankrupt act, the firm must, of necessity, be declared bankrupt. In re Grady [Id. 5,654]: In re Greenfield [Id. 5,772]. Unless the firm is declared bankrupt no member can be discharged from his firm debts. In re Little [Id. 8,390]; In re Bidwell [Id. 1,392]: In re Grady [Id. 5,654]. But if there are no firm assets the rule is otherwise. In re Winkens [Id. 17,875]; In re Abbe [Id. 4].